IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ANGELA BROWN CANTU, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Civil Action No. 3:25-CV-1505-D |
| | § | |
| TRUIST BANK and | § | |
| TRANSUNION, LLC, | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION
AND ORDER

In this action, defendant Truist Bank ("Truist") moves under Fed. R. Civ. P. 15 for leave to file an amended answer and counterclaim against plaintiff Angela Brown Cantu ("Cantu"). Cantu opposes the motion. For the reasons explained, the court grants the motion.

I

Cantu brings this action against defendants Truist and TransUnion, LLC, alleging violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq*. According to Cantu's complaint, both defendants failed to conduct a reasonable investigation of an allegedly fraudulent account that was opened in her name. Truist filed its original answer with affirmative defenses, denying that the account was fraudulent or that it failed to perform a reasonable investigation. On December 5, 2025—the deadline for moving for leave to amend the pleadings—Truist filed the instant motion for leave to file an amended answer. Truist seeks leave to assert an additional affirmative defense, a counterclaim for breach of

contract and unjust enrichment, and a request for damages, a declaratory judgment, and attorney's fees.   Cantu opposes the motion, contending that Truist's counterclaim is compulsory, and, under Rule 13(a), could only have been pleaded in Truist's answer.  The court is deciding the motion on the briefs, without oral argument.

## II

The court turns first to Cantu's contention that Truist's proposed counterclaim is compulsory.

## A

Under Rule 13(a)(1),

> [a] pleading must state as a counterclaim any claim that—at the time of its service—the pleader has against an opposing party if the claim . . . arises out of the transaction or occurrence that is the subject matter of the opposing party's claim; and . . . does not require adding another party over whom the court cannot acquire jurisdiction.

The test for whether a claim is compulsory is

> (1) whether the issues of fact and law raised by the claim and counterclaim largely are the same; (2) whether *res judicata* would bar a subsequent suit on defendant's claim absent the compulsory counterclaim rule; (3) whether substantially the same evidence will support or refute plaintiff's claim as well as defendant's counterclaim; and (4) whether there is any logical relationship between the claim and the counterclaim.   An affirmative answer to any of the four questions indicates the counterclaim is compulsory.

*Park Club, Inc. v. Resol. Tr. Corp.*, 967 F.2d 1053, 1058 (5th Cir. 1992) (internal quotation marks omitted) (citing *Plant v. Blazer Fin. Servs., Inc. of Ga.*, 598 F.2d 1357, 1360-61 (5th

Cir. 1979)).  "The test which has commended itself to most courts, including [the Fifth Circuit], is the logical relation test.  The logical relation test is a loose standard which permits a broad realistic interpretation in the interest of avoiding a multiplicity of suits."  *Plant*, 598 F.2d at 1361 (citations and internal quotation marks omitted).

> [A] counterclaim is logically related to the opposing party's claim where separate trials on each of their respective claims would involve a substantial duplication of effort and time by the parties and the courts.  Where multiple claims involve many of the same factual issues, or the same factual and legal issues, or where they are offshoots of the same basic controversy between the parties, fairness and considerations of convenience and of economy require that the counterclaimant be permitted to maintain his cause of action.

*Sw. Realty, Ltd. v. Daseke*, 1992 WL 373166, at *4 (N.D. Tex. May 21, 1992) (Fitzwater, J.) (quoting *Revere Copper & Brass, Inc. v. Aetna Cas. & Sur. Co.*, 426 F.2d 709, 714 (5th Cir. 1970)).  The Fifth Circuit has defined a "'logical relationship' to exist when the counterclaim arises from the same 'aggregate of operative facts' in that the same operative facts serves as the basis of both claims or the aggregate core of facts upon which the claim rests activates additional legal rights, otherwise dormant, in the defendant."  *Plant*, 598 F.2d at 1361 (quoting *Revere Copper & Brass*, 426 F.2d at 715).  Cantu and Truist agree that the proposed counterclaim is compulsory.

B

The determination that a counterclaim is compulsory does not prevent it from being raised in an amended answer.  If the counterclaim is timely filed, it is analyzed under Rule 15, even if it is compulsory under Rule 13.  *See* Fed. R. Civ. P. 13 advisory committee note

to 2009 amendment ("An amendment to add a counterclaim will be governed by Rule 15.").

Rule 13(f) was abrogated to clarify this point.[1]

It is not required that a compulsory counterclaim be alleged in the original answer. Rather, Rule 13 precludes the party from raising such a claim in a future lawsuit if the defendant fails to allege it in the action at hand. This aligns with the Rule's purpose, which is "to prevent multiplicity of actions and to achieve resolution in a single lawsuit of all disputes arising out of common matters." *S. Constr. Co. v. Pickard*, 371 U.S. 57, 60 (1962) ("The Rule was particularly directed against one who failed to assert a counterclaim in one action and then instituted a second action in which that counterclaim became the basis of the complaint."). "Courts have interpreted these provisions liberally, in line with the Federal Rules' overall goal of resolving disputes, insofar as possible, on the merits and in a single judicial proceeding." *Spartan Grain & Mill Co. v. Ayers*, 517 F.2d 214, 220 (5th Cir. 1975).[2]

---

[1]"The 2009 amendments to Rule 13 avoid any possibility of confusion by eliminating subdivision (f) altogether and thereby clarifying that the decision whether to allow an amendment to add an omitted counterclaim is governed exclusively by Rule 15." 6 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1430, at 261-62 (3d ed. 2010).

[2]In fact, "[w]hen the omitted counterclaim is compulsory, the reasons for allowing its introduction by amendment become *even more persuasive*, since an omitted compulsory counterclaim cannot be asserted in subsequent cases (at least in the federal courts) and the pleader will lose the opportunity to have the claim adjudicated." 6 Wright & Miller, *supra*, § 1430, at 263 (emphasis added). The Fifth Circuit has noted that "[t]he argument for allowing amendment is especially compelling when, as here, the omitted counterclaim is compulsory . . . The mere passage of time between an original filing and an attempted amendment is not a sufficient reason for denial of the motion." *Spartan Grain & Mill Co.*, 517 F.2d at 220.

On multiple occasions, judges of this court have granted leave to amend and add compulsory counterclaims under Rule 15(a)'s lenient standard. *See, e.g.*, *Baxter v. Hastings*, 2022 WL 16701939, at *3 (N.D. Tex. Nov. 3, 2022) (Fitzwater, J.); *Maiden Biosciences Inc. v. MPM Med., Inc.*, 2019 WL 935478, at *4 (N.D. Tex. Feb. 26, 2019) (Fitzwater, J.); *Am. Prop. Ins. Co. v. NNF, Inc.*, 2023 WL 11857620, at *2 (N.D. Tex. Feb. 16, 2023) (Pittman, J.) ("The Court . . . has a practice of granting retroactive leave to amend a pleading to assert a compulsory counterclaim."). Therefore, the fact that this counterclaim is compulsory does not impact Truist's ability to plead for the first time by timely amending its answer.

III

The court now considers whether Truist's motion for leave to amend satisfies the Rule 15(a) standard.

A

Rule 15(a) governs timely-filed motions for leave to amend a pleading. Rule 15(a)(2) provides that "[t]he court should freely give leave [to amend a pleading] when justice so requires." "It is settled that the grant of leave to amend the pleadings pursuant to Rule 15(a) is within the discretion of the trial court." *Zenith Radio Corp. v. Hazeltine Rsch., Inc.*, 401 U.S. 321, 330 (1971). Granting leave to amend, however, "is by no means automatic." *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993) (quoting *Addington v. Farmer's Elevator Mut. Ins. Co.*, 650 F.2d 663, 666 (5th Cir. Unit A July1981)). "In deciding whether to grant leave to amend, the court may consider factors such as undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by

- 5 -

amendments previously allowed, undue prejudice to the opposing party, and futility of amendment." *Baxter*, 2022 WL 16701939, at *3 (citing *Wimm*, 3 F.3d at 139). Generally, "Rule 15(a) and the other federal rules 'reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome.'" *Maiden Biosciences*, 2019 WL 935478, at *5 (quoting *Hall v. Nat'l Gypsum Co.*, 105 F.3d 225, 230 (5th Cir. 1997)).

B

Additionally, "when, as here, [a] part[y] file[s] a motion for leave to amend by the court ordered deadline, there is a 'presumption of timeliness.'" *Carmack v. Park Cities Healthcare, LLC*, 2017 WL 6025264, at *2 (N.D. Tex. Dec. 5, 2017) (Fitzwater, J.) (quoting *Poly-Am., Inc. v. Serrot Int'l, Inc.*, 2002 WL 206454, at *1 (N.D. Tex. Feb. 7, 2002) (Fitzwater, J.)). The scheduling order for this case was entered on August 5, 2025, requiring parties to file motions for leave to amend by December 5, 2025 and setting the trial for just over one year later, on December 7, 2026. Because Truist filed its motion for leave to amend within the deadline set by the scheduling order, the jurisprudence of Rule 15(a) applies. *See Hawkins v. Wells Fargo Bank, N.A.*, 2025 WL 2174513, at *2 (N.D. Tex. July 31, 2025) (Fitzwater, J.).

C

Cantu does not assert, and the court has not found, that Truist engaged in any undue delay or acted in bad faith or with a dilatory motive. At the time of filing, trial was more than one year away, and there had been only limited discovery conducted. No depositions

- 6 -

have been taken and no experts designated.  This is Truist's first motion to amend, so there has not been a repeated failure to cure.  Because the motion is timely under the scheduling order, there is no undue prejudice to Cantu, who has yet to serve discovery on Truist and has ample time to prepare before trial.  Moreover, "[c]ourts routinely view Rule 15(a)(2) as imposing a 'liberal standard' allowing amendment, despite the fact that 'it is not unusual for amended pleadings to impact strategies already adopted and discovery already taken by the opposing party.'" *Carmack*, 2017 WL 6025264, at *2 (quoting *Mktg. Investors Corp. v. New Millennium Bank*, 2012 WL 1563937, at *2 (N.D. Tex. May 3, 2012) (Fitzwater, C.J.)). Here, the "counterclaim relates to factual material . . . already at issue in this case by the plaintiff['s] own pleading.  Therefore, the addition of this counterclaim is neither unduly burdensome nor prejudicial to [the] plaintiff[]," who will have ample time "to conduct necessary discovery and prepare to defend against [the] counterclaim." *Baxter*, 2022 WL 16701939, at *4.

Applying the lenient Rule 15(a) standard, the court concludes in its discretion that Truist's motion for leave to file an amended answer and counterclaim should be granted. Truist did not unduly delay in moving for leave to amend because filing the motion by the court-ordered deadline creates a presumption of timeliness, and Cantu has not rebutted this presumption.  And Cantu does not assert, nor has the court found, any indications of undue prejudice, bad faith, dilatory motive, futility, or failure to cure past deficiencies.

\*    \*    \*

Accordingly, the court grants Truist's December 5, 2025 motion for leave to file an amended answer and counterclaim. The amended answer and affirmative defenses and counterclaim prematurely docketed as ECF No. 21 is deemed properly filed.

**SO ORDERED**.

February 27, 2026.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE