**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| ANGELA CANTU,<br><br>Plaintiff,<br><br>v.<br><br>TRUIST BANK and<br>TRANS UNION LLC,<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Case No. 3:25-CV-01505-D |

Samin Agha
Texas Bar No. 24110989
sagha@qslwm.com
QUILLING, SELANDER, LOWNDS,
WINSLETT & MOSER, P.C.
5801 Tennyson Parkway, Suite 440
Plano, Texas 75024
Telephone: (214) 560-5443
Fax: (214) 871-2111
***Counsel for Trans Union LLC***

# TABLE OF CONTENTS


**I. INTRODUCITON**..........1

**II. FACTUAL BACKGROUND**..........2

**III. STANDARD OF REVIEW**..........2

**IV. ARGUMENT AND AUTHORITIES**..........3

A. Plaintiff §§ 1681e(b) and 1681i Claims Fail Because the Complaint Does Not Allege an Actionable Inaccuracy..........3

1. An actionable inaccuracy is a threshold requirement under §§1681e(b) and 1681i..........3

2. Plaintiff's Claims Fail Because They Are Not Based On A Cognizable Inaccuracy That Trans Union Is Required To Resolve, Or Capable Of Resolving, Which Is A Complete Defenses To Plaintiff's §§ 1681i and 1681e(b) Claims..........5

3. Courts Have Routinely Held That Disputes Regarding Identity Theft Are Not Objectively Verifiable as Required To Maintain an FCRA Claim..........6

4. Plaintiff's Underlying Disputes with Truist regarding Plaintiff's Identity Theft Claims Remain Unresolved, thus not "Objectively and Readily Verifiable." ..9

B. Plaintiff's § 1681e(b) Claim Independently Fails Because the Complaint Does Not Plead Unreasonable Procedures..........10

C. Plaintiff's §1681c-2 Claim Fails Because the Complaint Does Not Plead the Statutory Preconditions for Blocking Identity-Theft Information..........11

D. Plaintiff's willfulness claim should also be dismissed..........12

E. Plaintiff's Claims Should Be Dismissed With Prejudice Because Any Amendment Would Be Futile..........13

**V. CONCLUSION**..........14

# INDEX OF AUTHORITIES

## Cases

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ..... 3, 10, 12

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) ..... 3, 10, 12

*Bibbs v. Trans Union LLC*,
43 F.4th 331 (3d Cir. 2022) ..... 9

*Buser v. Experian Info. Sols., Inc.*, No. 8:23-CV-1881-TPB-NHA,
2025 WL 90069 (M.D. Fla. Jan. 14, 2025) ..... 7, 8

*Cahlin v. General Motors Acceptance Corp.*,
936 F.2d 1151 (11th Cir. 1991) ..... 4

*Carvalho v. Equifax Info. Servs., LLC*,
629 F.3d 876 (9th Cir. 2010) ..... 9

*Celestine v. Cap. One*, No. 17-20237-CIV,
2017 WL 2838185 (S.D. Fla. June 30, 2017) ..... 12

*DeAndrade v. Trans Union LLC*,
523 F.3d 61 (1st Cir. 2008) ..... 9

*Denan v. Trans Union LLC*,
959 F.3d 290 (7th Cir. 2020) ..... 10

*Dorsey v. Trans Union*, No. 2:22-cv-1489-ACA,
2024 WL 3362466 (N.D. Al. July 9, 2024) ..... 5

*Gentilello v. Rege*,
627 F.3d 540 (5th Cir. 2010) ..... 3

*Green v. Innovis Data Sols., Inc.*, No. 3:20-CV-01614,
2021 WL 4244779 (N.D. Tex. Sept. 17, 2021) ..... 13

*Gross v. CitiMortgage, Inc.*,
33 F.4th 1246 (9th Cir. 2022) ..... 10

*Guidry v. Am. Public Life Ins., Co.*,
512 F.3d 177 (5th Cir. 2007) ..... 2, 3

*Holden v. Holiday Inn Club Vacations Inc.*,
98 F.4th 1359 (11th Cir. 2024)........................................................................................5, 8

*Humphrey v. Trans Union LLC*,
759 F. App'x 484 (7th Cir. 2019) ..........................................................................................9

*Johnson v. Johnson*,
385 F.3d 503 (5th Cir. 2004) ..................................................................................................2

*Levine v. World Fin. Network Nat'l Bank*,
554 F.3d 1314 (11th Cir. 2009) ............................................................................................13

*Mader v. Experian Info. Sols., Inc.*,
56 F.4th 264 (2d Cir. 2023)......................................................................................................5

*McGlinchy v. Shell Chem. Co.*,
845 F.2d 802 (9th Cir. 1988) ..................................................................................................3

*Norman v. Experian Info. Sols., Inc.*, No. 3:12-CV-128-B,
2013 WL 1774625 (N.D. Tex. Apr. 25, 2013).....................................................................4, 6

*Palomo v. Trans Union, LLC*, No. 4:21-CV-904-SDJ-KPJ,
2022 WL 17731824 (E.D. Tex. Sept. 7, 2022) .........................................................................4

*Plotkin v. IP Axess Inc.*,
407 F.3d 690 (5th Cir. 2005) ..................................................................................................3

*Potter v. GreenSky, LLC*, No. 5:19-CV-00581-JKP,
2019 WL 5295494 (W.D. Tex. Oct. 18, 2019) .........................................................................6

*Reyes v. Equifax Info. Servs., L.L.C.*,
140 F.4th 279 (5th Cir. 2025)............................................................................................passim

*Rio Grande Royalty Co. v. Energy Transfer Partners, L.P.*,
620 F.3d 465 (5th Cir. 2010)..................................................................................................14

*Roberts v. Carter-Young, Inc.*,
131 F.4th 241 (4th Cir. 2025)...............................................................................................5, 6

*Rodriguez v. Trans Union*, No. 1:19-CV-379-LY,
2019 WL 5565956 (W.D. Tex. Oct. 28, 2019) .........................................................................4

*Rozov v. Bank of Am., N.A.*, No. 24-13034,
2025 WL 1620921 (11th Cir. June 9, 2025) ....................................................................5, 6, 7, 8

*Rush v. Macy's New York*,
775 F.2d 1554 (11th Cir. 1985) ............................................................................................13

*Safeco Ins. Co. of Am. v. Burr*,
551 U.S. 47 (2007) ..... 13

*Saunders v. Equifax Info. Servs. LLC*, No. 16-CV-00525-LY,
2017 WL 3940942 (W.D. Tex. Aug. 3, 2017) ..... 6

*Sepulvado v. CSC Credit Services, Inc.*,
158 F.3d 890 (5th Cir. 1998) ..... 4

*Sessa v. Trans Union, LLC*,
74 F.4th 38 (2d Cir. 2023) ..... 5

*Stripling v. Jordan Prod. Co., LLC*,
234 F.3d 863 (5th Cir. 2000) ..... 14

*United States v. Gonzalez*,
592 F.3d 675 (5th Cir. 2009) ..... 14

*Washington v. CSC Credit Servs. Inc.*,
199 F.3d 263 (5th Cir. 2000) ..... 4

*Watkins v. Experian Info., Sols., Inc.*, No. 613CV00239WSSJCM,
2014 WL 12879669 (W.D. Tex. Sept. 8, 2014), *report and recommendation adopted*, No. W-13-CV-239, 2014 WL 12879668 (W.D. Tex. Oct. 3, 2014) ..... 4

*Wright v. Experian Info. Sols., Inc.*,
805 F.3d 1232 (10th Cir. 2015) ..... 9

**Other Authorities**

12 C.F.R. § 1022.3(i)(1)(i)–(iii) ..... 11

12 C.F.R. § 1022.3(i)(2) ..... 11

**Rules**

Fed. R. Civ. P. 8(a)(2) ..... 3

**BRIEF IN SUPPORT OF DEFENDANTS TRANS UNION LLC'S**
**MOTION FOR JUDGMENT ON THE PLEADINGS**

Pursuant to Federal Rule of Civil Procedure 12(c), Defendants Trans Union LLC ("Trans Union") hereby file this Brief in Support of its Motion for Judgment on the Pleadings (the "Motion"). Trans Union moves to dismiss Plaintiff's Complaint ("Complaint") in its entirety because Plaintiff's claims fail as a matter of law.

## I. INTRODUCTION

Plaintiff Angela Cantu ("Plaintiff") filed her Complaint asserting claims against Trans Union for purported violations of 15 U.S.C. §§ 1681e(b), 1681i, and 1681c-2 of the Fair Credit Reporting Act ("FCRA"). Specifically, Plaintiff alleges that Trans Union failed to (1) block the reporting of disputed information, (2) correct an account purportedly tainted by fraud through identity theft, and (3) conduct a reasonable reinvestigation of her dispute(s). *See generally* Complaint, ECF No. 1.

Plaintiff's claims fail for multiple independent reasons. First, an actionable inaccuracy is a threshold requirement for claims under §§ 1681e(b) and 1681i, and the alleged inaccuracy here turns on Plaintiff's contention that the Truist account resulted from identity theft rather than from an account for which she is responsible. That kind of dispute requires resolution of a fraud and account-validity issue that is not "objectively and readily verifiable" by a consumer reporting agency ("CRA"). Second, Plaintiff's § 1681e(b) claim independently fails because the Complaint does not plead facts showing that any allegedly inaccurate reporting resulted from unreasonable procedures employed by Trans Union. Third, Plaintiff's § 1681c-2 claim fails because the Complaint merely parrots the statute and does not plead the statutory prerequisites for blocking identity-theft information. Finally, Plaintiff's repeated allegation that Trans Union acted

"negligently and/or willfully" is entirely conclusory and therefore insufficient to support a claim for willful noncompliance or punitive damages. Accordingly, Plaintiff's claims should be dismissed pursuant to Rule 12 (c). Trans Union is entitled to judgment on the pleadings on those claims and remedies.

## II. FACTUAL BACKGROUND

On or about June 12, 2025, Plaintiff filed a Complaint against Trans Union and Truist Bank ("Truist") alleging violations of the FCRA due to the reporting of a purportedly fraudulent account furnished by Truist Bank (the "Account"), which she alleges stemmed from an identity theft event. *See* Complaint ¶¶ 6-7. Plaintiff seeks actual damages, statutory damage, punitive damages for willful noncompliance, and attorney's fees and costs. *Id.* ¶ 23.

Plaintiff alleges that some time prior to October 2024, her identity was stolen, which "resulted in the opening of several financial accounts in the Plaintiff's name . . . [o]ne such account was with Defenant[sic] Truist." *Id.* at ¶ 6. Plaintiff contends that Trans Union violated §§ 1681e(b), 1681i, and 1681c-2 by continuing to report the account despite her disputes and alleged identity-theft documentation. *Id*. ¶¶ 19-21. Plaintiff also alleges in conclusory fashion that Trans Union acted "negligently and/or willfully." *Id*. ¶¶ 12, 15, 19-21, 23-26. Based on the foregoing, Plaintiff believes Trans Union caused Plaintiff damages, including but not limited to financial loss and emotional distress. *Id*. at 25.

## III. STANDARD OF REVIEW

The Complaint against Trans Union fails to assert a claim under the standard applied in deciding a Rule 12(c) motion for judgment on the pleadings—a standard identical to a Rule 12(b)(6) motion to dismiss for failure to state a claim. *Guidry v. Am. Public Life Ins., Co.*, 512 F.3d 177, 180 (5th Cir. 2007); *Johnson v. Johnson*, 385 F.3d 503, 529 (5th Cir. 2004). The motion

to dismiss standard requires a plaintiff to plead facts sufficient to establish a claim that is plausible on its face. *Guidry*, 512 F.3d at 180 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)); *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Conclusory allegations, legal conclusions, and "unwarranted factual inferences" will not survive a motion for judgment on the pleadings. *Gentilello*, 627 F.3d at 544 (quoting *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)).

When considering a motion to dismiss, the Supreme Court instructed lower courts to consider "[t]wo working principles." *Iqbal*, 556 U.S. at 678. First, the Court is not required to accept, as true, legal conclusions couched as factual allegations. *Id.* Second, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (citing *Twombly*, 550 U.S. at 570). "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint . . . has not 'show[n]' . . . 'that the pleader is entitled to relief.'" *Id*. at 679 (citing Fed. R. Civ. P. 8(a)(2)). While all material allegations must be taken as true in considering a Rule 12(c) motion, "conclusory allegations without more are insufficient to defeat a motion to dismiss for failure to state a claim." *McGlinchy v. Shell Chem. Co.*, 845 F.2d 802, 810 (9th Cir. 1988). Indeed, a plaintiff must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation" to survive dismissal. *Iqbal*, 556 U.S. at 678.

## IV. ARGUMENT AND AUTHORITIES

### A. Plaintiff §§ 1681e(b) and 1681i Claims Fail Because the Complaint Does Not Allege an Actionable Inaccuracy.

#### 1. An actionable inaccuracy is a threshold requirement under §§1681e(b) and 1681i.

As a threshold matter, a plaintiff must plead and ultimately prove an inaccuracy to establish claims under §§ 1681e(b) and 1681i of the FCRA. *See Sepulvado v. CSC Credit Services, Inc.*, 158 F.3d 890, 896 (5th Cir. 1998)(internal citations omitted)("The FCRA does not impose strict liability for inaccurate entries. Rather, the plaintiff must show that the inaccuracy resulted from a negligent or willful failure to use reasonable procedures when the report was prepared."). *See also Reyes v. Equifax Info. Servs., L.L.C.*, 140 F.4th 279, 286 (5th Cir. 2025) ("We join the other circuits in concluding that inaccuracy is a threshold requirement for § 1681i claims."); *Washington v. CSC Credit Servs. Inc.*, 199 F.3d 263, 267 n.3 (5th Cir. 2000) (explaining that "[i]n order to pursue a cause of action based upon willful or negligent violation of 15 U.S.C. § 1681e(b), the report sought to be attacked must be inaccurate"); *Palomo v. Trans Union, LLC*, No. 4:21-CV-904-SDJ-KPJ, 2022 WL 17731824, at *3 (E.D. Tex. Sept. 7, 2022) ("To state a claim under Section 1681e(b) or Section 1681i, the plaintiff must plead factual allegations showing that inaccurate information was included in the plaintiff's credit report."); *Rodriguez v. Trans Union*, No. 1:19-CV-379-LY, 2019 WL 5565956 (W.D. Tex. Oct. 28, 2019) (dismissing §§ 1681e(b) and 1681i claims where plaintiff failed to allege an inaccuracy).

Plaintiff has the burden of proving the inaccuracy—failure to do so is fatal to his claims. *Cahlin v. General Motors Acceptance Corp.*, 936 F.2d 1151, 1156 n.9 (11th Cir. 1991); *Watkins v. Experian Info., Sols., Inc.*, No. 613CV00239WSSJCM, 2014 WL 12879669, at *5 (W.D. Tex. Sept. 8, 2014), *report and recommendation adopted*, No. W-13-CV-239, 2014 WL 12879668 (W.D. Tex. Oct. 3, 2014); *Norman v. Experian Info. Sols., Inc.*, No. 3:12-CV-128-B, 2013 WL 1774625, at *4 (N.D. Tex. Apr. 25, 2013). Importantly, the alleged inaccuracy under sections and 1681e(b) and 1681i must be one that is "objectively and readily verifiable." *Reyes v. Equifax Info. Servs., L.L.C.*, 140 F.4th 279, 288 (5th Cir. 2025); *Rozov v. Bank of Am., N.A.*, No. 24-13034, 2025

WL 1620921 (11th Cir. June 9, 2025); *Roberts v. Carter-Young, Inc.*, 131 F.4th 241, 251-52 (4th Cir. 2025); *Holden v. Holiday Inn Club Vacations Inc.*, 98 F.4th 1359, 1368 (11th Cir. 2024); *Sessa v. Trans Union, LLC*, 74 F.4th 38, 40 (2d Cir. 2023); *Mader v. Experian Info. Sols., Inc.*, 56 F.4th 264, 269 (2d Cir. 2023). Here, Plaintiff's claims fail because they are not based on a cognizable inaccuracy that is "objectively and readily verifiable" and must be dismissed.

**2. Plaintiff's Claims Fail Because They Are Not Based On A Cognizable Inaccuracy That Trans Union Is Required To Resolve, Or Capable Of Resolving, Which Is A Complete Defenses To Plaintiff's §§ 1681i and 1681e(b) Claims.**

Plaintiff fails to plead an inaccuracy as required by the FCRA. Rather, Plaintiff's claims focus on the validity of the debt with Truist. However, the validity of the debt is hardly the type of "objectively and readily verifiable" issue the CRAs are tasked to reinvestigate. *See Reyes*, 140 F.4th 279, 288.

Courts have determined that CRAs are not qualified or required to reinvestigate consumer disputes that, as alleged, do not show the inaccuracy or incompleteness is objectively and readily verifiable. *See Rozov v. Bank of America*, 2025 WL 1620921 (11th Cir. June 9, 2025) (fraud allegations not objectively and readily verifiable); *Mader v. Experian Info. Sols., Inc.*, 56 F.4th 264, 269 (2d Cir. 2023)("[a]ccuracy" under the FCRA "requires a focus on objectively and readily verifiable information."); *Dorsey v. Trans Union*, No. 2:22-cv-1489-ACA, 2024 WL 3362466 (N.D. Al. July 9, 2024)(holding in FCRA dispute that "the disposition question is whether the answer to [plaintiff's] contract dispute is "objectively and readily verifiable.").

Section 1681e(b) requires an FCRA plaintiff to plead and prove that: (1) inaccurate information was included in a consumer report, (2) the inaccuracy was due to defendant's failure to follow reasonable procedures to assure the maximum possible accuracy of the consumer report, (3) plaintiff suffered a cognizable injury, and (4) plaintiff's injury was caused by defendant's

inclusion of the inaccurate entry. *See Saunders v. Equifax Info. Servs. LLC*, No. 16-CV-00525-LY, 2017 WL 3940942, at *3 (W.D. Tex. Aug. 3, 2017)(citing *Norman v. Experian Info. Sols., Inc.*, No. 3:12-CV-128-B, 2013 WL 1774625, at *3 (N.D. Tex. Apr. 25, 2013).

Likewise, Section 1681(i) requires an FCRA plaintiff to plead and prove that (1) his consumer credit file contains inaccurate information; (2) plaintiff disputed the accuracy of information on her credit file directly with defendant; (3) defendant did not reinvestigate free of charge and either record the current status of the disputed information or delete the item from the file; (4) defendant's noncompliance was negligent or willful; (5) plaintiff suffered injury; and (6) the injury was caused by defendant's failure to reinvestigate. *See Potter v. GreenSky, LLC,* No. 5:19-CV-00581-JKP, 2019 WL 5295494, at *2 (W.D. Tex. Oct. 18, 2019)(quoting *Norman*, 2017 WL 3940942, *3) (quotation marks omitted).

Plaintiff's claims are meritless because the alleged inaccuracy arises from the validity of the purportedly fraudulent Truist debt, disputes which simply cannot be objectively and readily verified. Trans Union is not required to determine whether Plaintiff is contractually obligated to pay the Truist account. *Id*. at ¶ 10. To support an FCRA claim, the consumer's alleged inaccuracy must be one that is "objectively and readily verifiable." *See Reyes*, 140 F.4th at 288. However, the alleged inaccuracy asserted by Plaintiff does not present such issues.

**3. Courts Have Routinely Held That Disputes Regarding Identity Theft Are Not Objectively Verifiable as Required To Maintain an FCRA Claim.**

Claims of identity theft or fraud do not present issues that are objectively and readily verifiable. *See Rozov v. Bank of Am., N.A.*, No. 24-13034, 2025 WL 1620921 (11th Cir. June 9, 2025) ("confirming Martino's purported innocence was not the type of 'straightforward application of law to facts' that Early Warning could objectively and readily verify."); *Roberts v. Carter-Young, Inc.*, 131 F.4th 241, 251 (4th Cir. 2025) ("Inaccuracies that are objectively and

readily verifiable do not include claims of tortious conduct that require a furnisher to evaluate the subjective nature of the parties' actions—such as claims of fraud or retaliation."); *Buser v. Experian Info. Sols., Inc.*, No. 8:23-CV-1881-TPB-NHA, 2025 WL 90069, at *3 (M.D. Fla. Jan. 14, 2025) ("Claims of forgery are often complicated and require court resolution" and such disputes are "not objectively and readily verifiable because it stems from a contractual dispute without a straightforward answer."); *Reyes v. Equifax Info. Servs*., LLC, No. 4:21-CV-639-SDJ, 2024 WL 1308000, at *2 (E.D. Tex. Mar. 27, 2024), *aff'd* 140 F.4th 279 (5th Cir. 2025) ("First, Reyes cannot make the threshold showing that a report contains inaccurate information if the alleged inaccuracy is based on a not-yet-adjudicated position that the debt is not legally valid" and "[the] limited timeframe [under the FCRA to reinvestigate] is incompatible with any alleged duty to decide complex legal disputes over the validity of a reported debt.").

In *Reyes*, the consumer sued Equifax alleging it negligently and willfully violated Sections 1681e(b) and 1681i of the FCRA by reporting and verifying fraudulent charges on a Citibank account. The Fifth Circuit affirmed summary judgment for Equifax and "join[ed] the other circuits in holding that consumer reporting agencies are not required to investigate the legal validity of disputed debts under the FCRA." *See Reyes*, 140 F.4th at 289. The court came to this conclusion after determining that disputes of identity theft are not "objectively and readily verifiable" by a CRA when performing a reasonable reinvestigation. *See id.* (collecting cases).

In *Rozov*, the consumers sued Early Warning Services alleging it negligently and willfully violated Sections 1681e(b) and 1681i of the FCRA by reporting and verifying a "checking account fraud" notation on a Bank of America account after plaintiffs claim they were the victim of a check cashing employment scam. *See Rozov*, 2025 WL 1620921 at *1-2. The Eleventh Circuit held, "[w]e do not see how Early Warning, *a consumer reporting agency*, could objectively and readily

verify whether Martino intended to defraud Bank of America when he deposited a fraudulent check. And this is especially true where Bank of America itself confirmed the accuracy of its reporting to Early Warning." *Id*. at *3 (internal citations omitted) (emphasis in original). The court rejected plaintiffs' argument that the CRA should have done more when presented with an FBI report supporting plaintiffs' dispute:

> Plaintiffs argue that by providing Early Warning with their FBI victim report and conveying similar information to Bank of America they demonstrated that this determination was objectively and readily verifiable. We disagree. Early Warning would still need to confirm the veracity of the allegations Plaintiffs provided to the FBI. And the same is true for the information Plaintiffs provided Bank of America; without simply taking Martino at his word, his protestations of innocence do not demonstrate that his innocence is objectively and readily verifiable.

*Id*.

In *Buser*, the consumer alleged that Enium Capital Group violated the FCRA by reporting an account to the CRAs after a salesperson opened a loan without his consent for the installation of a solar energy system. *See Buser* 2025 WL 90069 at *2. The crux of the case centered on Mr. Buser's allegation that he believed the salesperson forged his electronic signature on the loan documents – similar to what a family member would have to do in order to open a fraudulent account in Plaintiff's name in this matter. *See id.* at *3. The court held that determining if a signature on a loan document was forged is "often complicated and require[s] court resolution" and as such was "'not objectively and readily verifiable because it stems from a contractual dispute without a straightforward answer.'" *Id*. at *7-8 (quoting *Holden*, 98 F.4th at 1368).

Similar to these cases, Plaintiff alleges that the Truist account was the result of identity theft. Here, Plaintiff's issue is neither with the status of the Truist account nor the debt amount itself. Instead, Plaintiff claims that the existence of the Truist account itself is inaccurate, and the result of identity theft. However, for Trans Union to know whether the Truist account is, in fact,

the result of identity theft, Trans Union would have to conduct a fact-intensive analysis of the sort that courts would typically perform. The dispute raised by Plaintiff is simply *not* the type that can be objectively and readily verified by Defendants, accordingly, Plaintiff's §§ 1681e(b) and 1681i claims fail.

#### 4. Plaintiff's Underlying Disputes with Truist regarding Plaintiff's Identity Theft Claims Remain Unresolved, thus not "Objectively and Readily Verifiable."

Even if identity theft claims were objectively and readily verifiable in some cases, Plaintiff's claims are not. The FCRA places certain duties on those who furnish information to CRAs – such as requiring furnishers to correct any information they later discover to be inaccurate – which are not placed on CRAs like Trans Union. *Bibbs v. Trans Union LLC,* 43 F.4th 331, 339 (3d Cir. 2022)

The FCRA further draws a distinction between factual and legal disputes, the latter of which CRAs are not required to resolve. It is well settled that only factual inaccuracies, not legal inaccuracies, can give rise to liability under the FCRA. *See Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 891 (9th Cir. 2010) (explaining credit bureaus are "not tribunals"); *Humphrey v. Trans Union LLC*, 759 F. App'x 484, 488 (7th Cir. 2019) (holding that "a consumer may not use the Fair Credit Reporting Act to collaterally attack the validity of a debt by challenging a CRA's reinvestigation procedure"); *Wright v. Experian Info. Sols., Inc.*, 805 F.3d 1232, 1242 (10th Cir. 2015) ("A reasonable investigation ... does not require [credit reporting agencies] to resolve legal disputes about the validity of the underlying debts they report."); *DeAndrade v. Trans Union LLC*, 523 F.3d 61, 68 (1st Cir. 2008) (holding a reasonable reinvestigation does not entail resolving "legal issue[s] that a credit agency ... is neither qualified nor obligated to resolve under the FCRA").

To the extent the FCRA requires the consideration of legal issues at all, this burden falls on the furnishers. "'Accuracy' for furnishers, however, means information that 'correctly [r]eflects ... liability for the account.' . . . 'Neither the FCRA nor its implementing regulations impose a comparable duty upon consumer reporting agencies, much less a duty to determine the legality of a disputed debt.'" Reyes v. Equifax Info. Servs., LLC, No. 4:21-cv-639-SDJ, 2024 WL 1308000, at *2 (E.D. Tex. Mar. 27, 2024) (*citing Denan v. Trans Union LLC*, 959 F.3d 290, 295 (7th Cir. 2020)); *see also Gross v. CitiMortgage, Inc.*, 33 F.4th 1246, 1253 (9th Cir. 2022) ("Furnishers[ ] stand in a far better position [than CRAs] to make a thorough investigation of a disputed debt." (internal quotations and citation omitted)).

Here, Plaintiff's Complaint are exactly the type which Trans Union is neither capable of resolving nor required to resolve. Truist continues to verify that the Accounts belong the Plaintiff. *See* ECF 21 at ¶8. Truist has been granted leave to amend to include a breach of contract, unjust enrichment and declaratory judgment counterclaim over the same Account which is the subject of Plaintiff's claims against Trans Union. *Id*. at ¶¶47-53. As those claims are still pending, it only confirms this is simply not the type that can be objectively and readily verified by Trans Union. Accordingly, Plaintiff's §§ 1681e(b) and 1681i claims fail.

### B. Plaintiff's § 1681e(b) Claim Independently Fails Because the Complaint Does Not Plead Unreasonable Procedures.

Plaintiff alleges only that Trans Union reported the Account and that she contends the Account was fraudulent. ECF No. 1. at ¶20. The Complaint does not identify any procedure Trans Union used in preparing Plaintiff's report, does not allege how any such procedure was unreasonable, and does not plead facts showing how any alleged procedural deficiency caused the challenged reporting. Instead, Plaintiff offers only the conclusory assertion that Trans Union violated § 1681e(b) by reporting the account. *Id*. That is insufficient under *Twombly* and *Iqbal*.

Accordingly, even apart from the threshold-inaccuracy problem, Plaintiff's § 1681e(b) claim independently fails and should be dismissed.

**C. Plaintiff's §1681c-2 Claim Fails Because the Complaint Does Not Plead the Statutory Preconditions for Blocking Identity-Theft Information.**

According to 15 U.S.C. § 1681c-2(a), a CRA is required to block information that a consumer identifies "as information resulted from an alleged identify theft" within four days of receiving "(1) appropriate proof of the identity of the consumer; (2) a copy of an *identity theft report*; (3) the identification of such information by the consumer; and (4) a statement by the consumer that the information is not information relating to any transaction by the consumer." (emphasis added).

The term "identity theft report," in turn, refers to a report "(i) that alleges identity theft with as much specificity as the consumer can provide; (ii) that is a copy of an official, valid report filed by the consumer with a Federal, state, or local law enforcement agency . . .; and (iii) that may include additional information or documentation that a[] . . . consumer reporting agency reasonably requests for the purpose of determining the validity of the alleged identity theft . . . ." 12 C.F.R. § 1022.3(i)(1)(i)–(iii). The regulation further explains that the required specificity may include, "(i) [s]pecific dates relating to the identity theft such as when the loss or theft of personal information occurred or when the fraud(s) using the personal information occurred . . . .," and "[n]ames of information furnisher(s), account numbers, or other relevant account information related to the identity theft." 12 C.F.R. § 1022.3(i)(2). Thus, the statute does not impose an automatic duty to block merely because a consumer asserts that an account is fraudulent. Rather, the duty arises only after the CRA receives a facially sufficient blocking request containing the materials specified by Congress.

Here, Plaintiff alleges only that she "provided to Trans Union the information and documentation identified in 15 U.S.C. § 1681c-2(a)." ECF No. 1 at ¶ 21. That allegation simply paraphrases the statutory language and does not identify what proof of identity Plaintiff allegedly provided, what identity theft report she submitted, when those materials were provided, or how Plaintiff identified the specific information to be blocked. The Complaint likewise does not allege that Plaintiff submitted a police report or other qualifying identity-theft report, does not describe the contents of any such report, and does not attach the report to the pleading. Without those factual allegations, the Complaint does not plausibly allege that Trans Union ever received a statutorily sufficient blocking request.

Under the pleading standards established by *Twombly* and *Iqbal,* a complaint must contain factual allegations sufficient to allow the Court to draw a reasonable inference that the defendant is liable for the misconduct alleged. A plaintiff cannot satisfy that requirement by merely reciting statutory language or asserting legal conclusions. Because Plaintiff alleges no facts showing that she submitted the materials required to trigger the blocking obligation under § 1681c-2, the Complaint does not plausibly allege that Trans Union violated that provision. Accordingly, Plaintiff's § 1681c-2 claim should be dismissed.

**D. Plaintiff's willfulness claim should also be dismissed.**

Plaintiff alleged that Trans Union "willfully" violated §§ 1681e(b), 1681i, and 1681c-2. ECF No. 1 ¶¶ 19-21. Plaintiff's willfulness claim fails as a matter of law because Plaintiff has not—and cannot—plead the required elements of a willfulness claim.

A plaintiff must allege specific facts that show that a defendant willfully or negligently failed to comply with the FCRA. *Celestine v. Cap. One*, No. 17-20237-CIV, 2017 WL 2838185, at *2 (S.D. Fla. June 30, 2017); *see also e.g., Rush v. Macy's New York*, 775 F.2d 1554 (11th Cir.

1985) (stating that part of the reason the plaintiff's claim failed was because he "alleged no facts tending to show that Macy's 'willfully' or 'negligently' failed to comply with the FCRA").

"Willfully" means either knowingly or with reckless disregard. *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 58–59 (2007). To state a willfulness claim, Plaintiff must allege: (1) that the defendant had a practice or policy that was objectively unreasonable in light of the FCRA's statutory language; and (2) how the defendant ran a risk of violating the FCRA that was substantially greater than the risk associated with a reading that was merely careless. *Id.*; *see also Levine v. World Fin. Network Nat'l Bank*, 554 F.3d 1314, 1318 (11th Cir. 2009) ("To prove a reckless violation, a consumer must establish that the action of the agency 'is not only a violation under a reasonable reading of the statute's terms, but shows that the company ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless.'") (internal citations omitted). Here, Plaintiff has unequivocally failed to plead either.

Plaintiff has failed to identify a single practice or policy of Trans Union or any authoritative guidance or appellate court decisions to support a finding that Trans Union's reporting or actions were "objectively unreasonable." They merely argue, in general vagaries and conclusory statements, that Trans Union willfully violated the FCRA. *Green v. Innovis Data Sols., Inc.*, No. 3:20-CV-01614, 2021 WL 4244779 at *5 (N.D. Tex. Sept. 17, 2021)(dismissing §§ 1681e(b) and 1681i claims where plaintiff merely alleged conclusory statements and failed to plead how defendant's alleged noncompliance was negligent or willful). Accordingly, Plaintiff's conclusory allegations of willfulness are insufficient as a matter of law and should be dismissed with prejudice.

**E. Plaintiff's Claims Should Be Dismissed With Prejudice Because Any Amendment Would Be Futile.**

A court may dismiss a claim without leave to amend if amending the complaint would be futile. *See Rio Grande Royalty Co. v. Energy Transfer Partners, L.P.*, 620 F.3d 465, 468 (5th

Cir. 2010). The decision to grant leave to amend a complaint is, of course, committed to the sound discretion of the District Court. *See United States v. Gonzalez*, 592 F.3d 675, 681 (5th Cir. 2009). However, while leave to amend under Federal Rule of Civil Procedure 15 should be freely given, amendment is futile if "the amended complaint would fail to state a claim upon which relief could be granted." *See Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 873 (5th Cir. 2000).

Plaintiff's Claims should be dismissed with prejudice and without leave to amend because there is no way that Plaintiff could manipulate the facts to state a claim under the FCRA. Plaintiff cannot state a cognizable reporting or reinvestigation procedures claim against Trans Union since Plaintiff has not alleged any objectively and readily verifiable inaccuracies in its reporting. Fundamentally, an amendment of the Complaint would be futile because Plaintiff cannot plead the prima facie element of an inaccuracy in Trans Union's reporting. Accordingly, Plaintiff's Claims should be dismissed with prejudice and without leave to amend.

## IV. CONCLUSION

For all the foregoing reasons, Defendant Trans Union respectfully request that the Court grant its Motion, dismiss Plaintiff's § 1681i and §1681e(b) Claims with prejudice in its entirety, and award Defendant Trans Union its fees and costs incurred in defending this action, including reasonable attorneys' fees, along with such other relief as this Court deems equitable and just.

Respectfully submitted,

*/s/ Samin Agha*

Samin Agha
Texas Bar No. 24110989
sagha@qslwm.com
QUILLING, SELANDER, LOWNDS,
WINSLETT & MOSER, P.C.
5801 Tennyson Parkway, Suite 440
Plano, Texas 75024
Telephone: (214) 560-5443
Fax: (214) 871-2111
***Counsel for Trans Union LLC***

## CERTIFICATE OF SERVICE

I hereby certify that on the 11th day of March 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Daniel J. Ciment
Daniel@CimentLawFirm.com
Ciment Law Firm, PLLC
221 Bella Katy Dr.
Katy, TX 77494
(833) 663-3289
*and*
James A. Foley
James@Cimentlawfirm.com
James Foley PLLC
4116 West Vickery Blvd.
Fort Worth, TX 76107
(817) 738-1633
***Counsel for Plaintiff***

Catherine Elizabeth Gaither
kgaither@johnstonclem.com
Phillip Blaine Grant
bgrant@johnstonclem.com
Johnston Clem Gifford PLLC
2000 McKinney Avenue
Suite 2050
Dallas, TX 75201
(214) 974-8000
***Counsel for Truist Bank***

*/s/ Samin Agha*
**SAMIN AGHA**