IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ANGELA BROWN CANTU, | § | |
| | § | |
| Plaintiff-Counterdefendant, | § | |
| | § | Civil Action No. 3:25-CV-1505-D |
| VS. | § | |
| | § | |
| TRUIST BANK, | § | |
| | § | |
| Defendant-Counterplaintiff. | § | |

MEMORANDUM OPINION
AND ORDER

Plaintiff-counterdefendant Angela Brown Cantu ("Cantu") brings this action against defendant-counterplaintiff Truist Bank ("Truist"), alleging violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.*[1] Truist asserts counterclaims against Cantu for breach of contract, unjust enrichment, declaratory judgment, and attorney's fees, and moves for summary judgment. Cantu has not responded to the motion. For the reasons that follow, the court grants the motion and enters judgment in favor of Truist.

I

Cantu alleges that Truist violated the FCRA by failing to conduct a reasonable investigation into an allegedly fraudulent account ("Account") opened in her name. Truist counterclaims against Cantu for breach of contract, unjust enrichment, declaratory judgment, and attorney's fees, alleging that the Account belongs to Cantu and that she has failed to

[1]On May 1, 2026 Cantu and Trans Union, LLC ("Trans Union") jointly stipulated to a dismissal with prejudice of Cantu's claims against Trans Union.

timely pay the outstanding balance.[2] Truist moves for summary judgment on Cantu's FCRA claim, contending that Cantu cannot establish a *prima facie* case and that Truist conducted a reasonable investigation of the Account. Truist asserts that it investigated each dispute related to the Account, identified a charge linked to Cantu through public records, and determined that Cantu had opened the Account. Truist also moves for summary judgment on its counterclaims for breach of contract and attorney's fees. It contends that the evidence establishes that Cantu personally visited a Truist branch and submitted a signed credit card application, thereby entering into a credit card agreement ("Agreement") with Truist. According to Truist, Cantu breached the Agreement by failing to timely pay the amount due on the Account.

Truist filed the instant motion for summary judgment on September 18, 2026. Cantu did not respond to the motion by the October 9, 2026 deadline,[3] and the motion is ripe for determination.

## II

Because Truist will not have the burden of proof at trial on Cantu's FCRA claim, to

---

[2]Because the court is granting summary judgment in favor of Truist on its breach of contract counterclaim, it need not address Truist's alternative counterclaims for declaratory relief or unjust enrichment. *See, e.g.*, *3D/Int'l, Inc. v. Romano*, 811 Fed. Appx. 244, 255 n.10 (5th Cir. 2020) (per curiam) ("Because we grant summary judgment in favor of [the plaintiffs] on [their] breach of contract claim, we don't reach its alternative claims regarding declaratory relief or unjust enrichment."); *Southwell-Gray v. Jones*, 2001 WL 493165, at *6 (N.D. Tex. May 4, 2001) (Sanders, J.).

[3]*See* N.D. Tex. Civ. R. 7.1(e) ("A response and brief to an opposed motion must be filed within 21 days from the date the motion is filed.").

obtain summary judgment it need only point the court to the absence of evidence of any essential element of Cantu's claim. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once it does so, Cantu must go beyond her pleadings and designate specific facts demonstrating that there is a genuine issue for trial. *See id.* at 324; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam). An issue is genuine if the evidence is such that a reasonable jury could return a verdict for Cantu. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Cantu's failure to produce proof as to any essential element renders all other facts immaterial. *Trugreen Landcare, L.L.C. v. Scott*, 512 F.Supp.2d 613, 623 (N.D. Tex. 2007) (Fitzwater, J.). Summary judgment is mandatory if Cantu fails to meet this burden. *Little*, 37 F.3d at 1076.

Because Truist also moves for summary judgment on counterclaims on which it will have the burden of proof at trial, it "must establish 'beyond peradventure all of the essential elements of the claim[.]'" *Bank One, Tex., N.A. v. Prudential Ins. Co. of Am.*, 878 F. Supp. 943, 962 (N.D. Tex. 1995) (Fitzwater, J.) (quoting *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986)). This means that Truist must demonstrate that there are no genuine and material fact disputes and that it is entitled to summary judgment as a matter of law. *See Martin v. Alamo Cmty. Coll. Dist.*, 353 F.3d 409, 412 (5th Cir. 2003). "The court has noted that the 'beyond peradventure' standard is 'heavy.'" *Carolina Cas. Ins. Co. v. Sowell*, 603 F.Supp.2d 914, 923-24 (N.D. Tex. 2009) (Fitzwater, C.J.) (quoting *Cont'l Cas. Co. v. St. Paul Fire & Marine Ins. Co.*, 2007 WL 2403656, at *10 (N.D. Tex. Aug. 23, 2007) (Fitzwater, J.)).

As noted, Cantu has not responded to Truist's motion. Although her failure to respond does not permit the court to enter a "default" summary judgment in Truist's favor, *see, e.g.*, *Tutton v. Garland Independent School District*, 733 F. Supp. 1113, 1117 (N.D. Tex. 1990) (Fitzwater, J.), "[a] summary judgment nonmovant who does not respond to the motion is relegated to her unsworn pleadings, which do not constitute summary judgment evidence," *Bookman v. Shubzda*, 945 F. Supp. 999, 1002 (N.D. Tex. 1996) (Fitzwater, J.) (citing *Solo Serve Corp. v. Westowne Associates*, 929 F.2d 160, 165 (5th Cir. 1991)). Moreover,

> [i]f a party fails . . . to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . (2) consider the fact undisputed for purposes of the motion [and] (3) grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it[.]

Fed. R. Civ. P. 56(e)(2), (3).

Truist has pointed the court to the absence of evidence to support Cantu's FCRA claim. *See, e.g.*, D. Br. (ECF No. 42) at 11-14. Because Cantu has failed to respond to Truist's motion, she is "relegated to her unsworn pleadings, which do not constitute summary judgment evidence." *Bookman*, 945 F. Supp. at 1002. Cantu has therefore failed to raise a genuine issue of material fact regarding her FCRA claim, and Truist is entitled to summary judgment.

Truist has also established that no genuine dispute exists as to any material fact regarding its breach of contract counterclaim and that it is entitled to judgment as a matter of law. *See Martin*, 353 F.3d at 412. Truist has introduced undisputed evidence that, on

April 5, 2023, Cantu entered Truist's Walnut Hill Lane branch and opened the Account. In so doing, Cantu provided personal identifying information, including her driver license, date of birth, and social security number, and signed the application with a "wet ink" signature. Since opening the Account, she has failed to perform under the agreement by failing to timely pay the amount due, leaving an outstanding balance of $9,825.30.

Accordingly, Truist's motion for summary judgment is granted, and the court holds that Truist is entitled to recover the sum of $9,825.30 in damages from Cantu for breach of contract. Truist is also entitled to recover attorney's fees and related nontaxable expenses that the court awards on Truist's timely post-judgment motion.

**SO ORDERED**.

October 28, 2026.

Sidney A. Fitzwater

SIDNEY A. FITZWATER
SENIOR JUDGE